UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21226-BLOOM/Otazo-Reyes

JML ENERGY RESOURCES, LLC,

    Plaintiff,

v.

RYDER TRUCK RENTAL INC., *d/b/a*
*Ryder Transportation Services, Inc.*,

    Defendant.

_____/

### ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff JML Energy Resources, LLC's ("Plaintiff") Complaint, ECF No. [1] ("Complaint"). The Court has carefully reviewed the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

On November 24, 2020, Plaintiff initiated this action against Defendant Ryder Truck Rental Inc. ("Defendant") in the United States District Court for the Western District of North

Carolina, asserting claims for fraud (Count I), breach of contract (Count II), breach of express warranty (Count III), breach of implied warranty (Count IV), and unfair and deceptive trade practices (Count V). *See generally* ECF No. [1]. On December 29, 2020, Defendant filed a Motion to Dismiss and for Attorney's Fees, ECF No. [4] ("Motion to Dismiss"), based on a mandatory forum selection clause in the Truck Lease and Service Agreement entered between the parties. On March 30, 2021, Judge Graham C. Mullen entered an Order denying Defendant's Motion to Dismiss and transferring the case to this District, pursuant to 28 U.S.C. § 1404(a). ECF No. [8]. On March 31, 2021, the case was assigned to this Court. ECF No. [10].

In the Complaint, Plaintiff alleges that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1337. ECF No. [1] ¶ 6.[1] However, it is not apparent from the face of the Complaint that the Court has subject matter jurisdiction over Plaintiff's claims. To the extent Plaintiff seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, the Complaint fails to sufficiency allege the citizenship of the parties. Specifically, the Complaint states, in relevant part:

1. That the Plaintiff is a Tennessee corporation with a branch office located in Mecklenburg County, North Carolina.

2. That upon information and belief, the Defendant Ryder Truck Rental, Inc., ("Ryder") is a Florida corporation which also does business as Ryder Transportation Services, with a branch office located in Mecklenburg County, North Carolina. Ryder's business operations include, but are not limited to, the leasing and sale of tractors and trailers to its customers who in turn utilize such equipment to haul product/freight from one location to another.[2]

---

[1] The Complaint also alleges that the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

[2] As an initial matter, the Court notes that it is never appropriate to plead jurisdictional allegations upon information and belief. *See Dockery v. Hartford Ins. Co. of the Midwest*, No. 19-21904-CIV, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (explaining that pleading residency only "upon information and belief . . . does not qualify as a 'fact' establishing jurisdiction. . . . A party's citizenship must be asserted without qualification."); *Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165-J-34JBT, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020) ("Allegations premised only on 'information

ECF No. [1] ¶¶ 1-2.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[3]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are

---

and belief' are plainly insufficient to establish the jurisdictional thresholds necessary to invoke this Court's subject matter jurisdiction."); *Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982-Orl-37DCI, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019) ("alleging citizenship on 'information and belief' is insufficient"); *Wilkins v. Stapleton*, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("DO NOT allege jurisdictional facts 'on information and belief.'").

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d 1022).

Here, the Complaint fails to sufficiently allege Plaintiff's citizenship, as it does not identify the members of the "limited liability company [or] their respective states of citizenship." *Id.* Rather, the Complaint alleges only that Plaintiff, an unincorporated business, is a "Tennessee corporation with a branch office located in Mecklenburg County, North Carolina." ECF No. [1] ¶ 1. As explained above, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022.

The Complaint also fails to allege the citizenship of Defendant. For purposes of alleging diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Here, while the Complaint alleges Defendant's state of incorporation, it fails to allege Defendant's principal place of business. ECF No. [1] ¶ 2.

To the extent Plaintiff maintains that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337, the Complaint also fails to sufficiently allege jurisdiction on this basis. *See* 28 U.S.C. § 1337(a) ("The district court shall have original jurisdiction over any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies[.]"). Specifically, while the Complaint alleges that

Case No. 21-cv-21226-BLOOM/Otazo-Reyes

"this action aris[es] under acts of Congress regulating commerce[,]" ECF No. [1] ¶ 6, it fails to specify any "Act of Congress" in question or allege how any "Act of Congress" is implicated.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted to file an amended complaint that properly alleges the basis for invoking subject matter jurisdiction **no later than May 14, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 7, 2021.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record